IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA M. FRANKLIN, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. |
| LEXINGTON INSURANCE COMPANY | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Defendant Lexington Insurance Company ("Lexington") hereby removes to this Court the Missouri state court action described below pursuant to the Class Action Fairness Act of 2005 ("CAFA").

**I. BACKGROUND**

1. On November 28, 2017, Cynthia M. Franklin ("Plaintiff") filed this putative class action against Lexington in the Circuit Court of Jackson County, Missouri, captioned *Cynthia M. Franklin, individually, and on behalf of all others similar situated vs. Lexington Insurance Company*, Case No 1716-CV29091 (the "Complaint"). Plaintiff alleges that Lexington calculates the actual cash value payment of Missouri structural claims by determining the cost of repairing or replacing the damaged property, then deducting depreciation for materials and labor. Compl. ¶¶ 14, 19. Plaintiff contends that by depreciating labor, Lexington breached its obligations under the policy. *Id.* ¶¶ 23-24. Plaintiff seeks declaratory relief; compensatory damages, plus prejudgment interest; and attorneys' fees and costs on behalf of herself and the putative class. *Id.* at pp. 7-8, 10-11

1

2. The Complaint names Lexington as the sole defendant and Lexington has not responded to the Complaint.

3. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Lexington has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

4. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Lexington shall give written notice to Plaintiff and to the Circuit Court of Jackson County, Missouri of its filing of this Notice of Removal.

## II. LEXINGTON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. Plaintiff served the Summons and Complaint on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the State of Missouri on January 5, 2018. On January 12, 2018, Lexington was served with the Complaint, Summons, and Notice. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of Jackson County, Missouri is located in the Western District of Missouri, Western Division. *See* 28 U.S.C. § 1441(a); *see also* Local R. 3.1(a) ("The District comprises the following divisions … Western Division … the count[y] of … Jackson").

7. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Lexington are attached hereto. *See* Ex. 1.

### III.  THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

8.  Under CAFA, this Court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Lexington; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here.  *See* 28 U.S.C. § 1332(d).

#### A.  The Putative Class Size Exceeds 100.

9.  Under CAFA, the proposed class must consist of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5).  The Complaint seeks to certify a class under Missouri Supreme Court Rule 52.08(b).[1]  Plaintiff defines the putative class as:

> Lexington … property insurance policyholders who submitted a claim for structural damage claim [sic] to a property in Missouri, and whose actual cash value ("ACV") payment was reduced by the withholding of labor depreciation, during the time period from November 28, 2017 to the date of trial, inclusive.

Compl. ¶ 29; *see also id.* ¶ 41.  Plaintiff further alleges that the putative class consists of "thousands of people," the joinder of whom is impractical.  *Id.* ¶ 31.  Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

#### B.  There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.

10.  Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2).

11.  The Complaint alleges that Lexington "is a corporation organized and existing under Delaware law with its principle place of business in Boston, Massachusetts."  Compl. ¶ 2.  Indeed, Lexington, as a matter of public record, is incorporated in Delaware and has its principal

---

[1] Missouri Supreme Court Rule 52.08 is similar to Federal Rule of Civil Procedure 23.

3

place of business in Boston, Massachusetts, and is a citizen of both the State of Delaware and the State of Massachusetts for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

12.	Plaintiff is a citizen of Missouri.  *See* Compl. ¶ 1.

13.	Thus, CAFA's requirement of minimal diversity is satisfied here.  *See* 28 U.S.C. § 1332(d)(2)(A).

### C.	The $5 Million Amount in Controversy Requirement is Met.

14.	Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).

15.	The amount in controversy is determined by the relief sought in the complaint. *See In re Minnesota Mut. Life Ins. Co.*, 346 F.3d 830, 835 (8th Cir. 2003) (looking to the relief alleged in the complaint to determine the amount in controversy); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 823 (8th Cir. 2011) (noting that the jurisdictional amount in controversy is determined at the time of removal).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  An evidentiary showing is only required if the defendant's plausible allegations are disputed.  *Id.*

16.	"'Removal … is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold."  *Id.* (citation omitted).  "Under the preponderance standard, '[t]he jurisdictional fact ... is *not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]*'"  *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (citation omitted) (emphasis added).

17.	Defendants may satisfy their burden of proof on removal through presentation of supplement evidence.  *See e.g.*, *Hargis v. Access Capital Funding, LLC*, No. 4:09CV604CDP,

4

2009 WL 2757051, at *1-2 (E.D. Mo. Aug. 26, 2009), *aff'd*, 674 F.3d 783 (8th Cir. 2012) (denying the plaintiff's motion to remand where the defendant's affidavit "support[ed] an aggregated amount in controversy over $5 million."). Once a removing defendant demonstrates by a preponderance of the evidence that the jurisdictional minimum has been met, "'remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Id.* (quoting *Bell*, 557 F.3d at 959); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (even if "it is highly improbably that the Plaintiffs will recover the amounts Defendants have put into controversy," that does not mean it is "legally impossible").

18. Based upon Plaintiff's allegations, which Lexington disputes but which control for removal purposes, the amount in controversy well exceeds $5 million. *See* Ex. 2, Declaration of Jeffrey M. Urbanic (Assistant Vice President in AIG Commercial Property Claims). Mr. Urbanic manages the adjusting process on claims submitted to Lexington for certain regions. *Id.* ¶ 2. Mr. Urbanic used data from Lexington's electronic claims systems, as well as data from the Xactimate estimating platform (which is a third party system used by insurers—including Lexington—to estimate structural damage claims); and made a series of reasonable assumptions to develop an estimated range of labor depreciation applicable to Lexington property insurance claims in Missouri during the putative class period. *Id.* ¶¶ 2, 5-13.

19. Specifically, Mr. Urbanic testified that, for commercial property insurance claims, "the range of total labor depreciation would be $5.4 million to $10.8 million." *Id.* ¶ 11. For personal property insurance claims, "the range of total labor depreciation would … be hundreds of thousands of dollars." *Id.* ¶ 13. Mr. Urbanic concluded, "I estimate that labor depreciation on Lexington personal and commercial property insurance policies in Missouri during the class

5

period, with the depreciation assumptions set forth in the Complaint and set forth above, well exceeds $5 million." *Id.* ¶ 14.

### D. The Exceptions to CAFA Do Not Apply.

20. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). Both of the exceptions require the presence of a nondiverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one (home state exception)). Here, Lexington is *not* an in-state defendant. Rather, Lexington is a foreign insurer, as it is a citizen of the State of Delaware and the State of Massachusetts. Compl. ¶ 2. Therefore, the exceptions to CAFA are not applicable to this matter.[2]

21. Accordingly, because Lexington has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE,** Lexington respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 5th day of February, 2018.

>*/s/ Wade P.K. Carr*
>Wade P.K. Carr    MO Bar No. 62786
>DENTONS US LLP
>4520 Main Street
>Suite 1100
>Kansas City, MO 64111
>Telephone: (816) 460-2400
>Email: wade.carr@dentons.com
>
>Mark L. Hanover (*pro hac vice* application to be submitted)

---

[2] The exceptions to CAFA would also fail for other reasons, and Lexington reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy her burden of asserting the CAFA exceptions.

6

Kristine M. Schanbacher (*pro hac vice* application to be submitted)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8178
Email: mark.hanover@dentons.com
kristine.schanbacher@dentons.com

*Attorneys for Defendant Lexington Insurance Company*

**CERTIFICATE OF SERVICE**

I, Wade P.K. Carr, hereby certify that on this 5th day of February, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the clerk of the court using the CM/ECF system and sent via e-mail to the following attorneys of record:

| | |
|---|---|
| David T. Butsch | Joe D. Jacobson |
| Christopher E. Roberts | JACOBSON PRESS, P.C. |
| BUTSCH ROBERTS & ASSOCIATES LLC | 168 North Meramec Avenue |
| 231 South Bemiston Avenue | Suite 150 |
| Suite 260 | Clayon, MO 63105 |
| Clayton, MO 63105 | *jacobson@archcitylawyers.com* |
| *butsch@butschroberts.com* | |
| *roberts@butschroberts.com* | |

*/s/ Wade P.K. Carr*
Wade P.K. Carr

*An Attorney for Defendant Lexington Insurance Company*